**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: : | |
| : | Case No. 21-22423-GLT |
| JASON L. LINT and : | |
| APRIL M. LINT : | Chapter 13 |
| aka APRIL M. BROSKEY, : | |
| : | |
| Debtors. : | Related to Doc. Nos. 39, 43 and 51 |
| : | |

### RESPONSE TO ORDER DATED NOVEMBER 7, 2022 [DOC. NO. 51]

Ally Bank ("Ally") files this Response to Order dated November 7, 2022 [Doc. No. 51]

and states as follows.

1.      On September 27, 2022, Ally filed its Motion for Relief from Automatic Stay [Doc.

No. 39], asserting that the Debtors were delinquent in their post-petition payments to Ally since

May 20, 2022.

2.      The Debtors filed a response to the Motion, clarifying that Ally had actually

received approximately $5,276.00 through the Debtors' chapter 13 plan and requesting the

reimbursement of attorneys' fees related to the defense of the Motion.  [Doc. No. 43.]

3.      On November 7, 2022, after a hearing, the Court issued an Order denying the

Motion and directing Ally to file a supplemental response explaining why the Debtors should not

be entitled the reimbursement of attorneys' fees.  [Doc. No. 51.]

4.      In accordance with the Court's directives, Ally files this Response and avers that

the Motion was filed in good faith.

5.      At the time the Motion was filed, Ally believed, in good faith, that the arrears due

and owing to Ally, pursuant to the Debtors' confirmed plan, totaled $2,477.59.

6.       An internal error led to Ally's failure to properly account for the payments received by the chapter 13 trustee in this case.

7.       The mistake was inadvertent and unintentional.

8.       After speaking with counsel for the Debtors on the day prior to the hearing, the undersigned notified Ally of the total payments distributed by the chapter 13 trustee on the day prior to the hearing.

9.       Ally reviewed the information provided by counsel and granted counsel the authority to withdraw the motion; however, such authority was not received by counsel until after the hearing before this Honorable Court concluded.

10.      Ally and its counsel understand the importance of properly accounting for and applying distributions received from the chapter 13 trustee, and Ally will take steps to ensure that such accounting errors do not occur in the future.

WHEREFORE, Ally Bank respectfully requests that the Court deny the Debtors' request for reimbursement of attorney's fees related to the Motion for Relief from Automatic Stay.

Respectfully submitted,

Dated:  November 16, 2022                   TUCKER ARENSBERG, P.C.

/s/ Maribeth Thomas
Maribeth Thomas, Esquire
PA ID No. 208376
1500 One PPG Place
Pittsburgh, Pennsylvania 15222
(412) 566-1212
mthomas@tuckerlaw.com

Counsel for Ally Bank